**DISMISSED and Opinion Filed November 6, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00893-CV

### IN RE NMSR RENTALS TEXAS, LLC, Relator

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-06433-2022**

## MEMORANDUM OPINION
Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Smith

Before the Court is relator's August 2, 2024 petition for writ of mandamus.

Relator challenges the trial court's April 25, 2024 order denying relator's amended motion to dissolve writ of attachment as an abuse of discretion and asks this Court to compel the trial court to issue a new order granting the motion. During our review, we questioned whether this mandamus proceeding was moot because it appeared that the trial court lacked plenary power on the date of the challenged order based on the trial court's June 1, 2023 judgment. Accordingly, we ordered relator to file either a motion to dismiss or a letter brief explaining why this original proceeding is not moot.

Relator filed a letter brief contending that this proceeding is not moot because the June 1, 2023 judgment did not actually dispose of all claims and parties and because a Mother Hubbard clause cannot convert a partial judgment into a final judgment. Therefore, relator concluded, the trial court retained plenary power on December 18, 2023, when it granted relator's motion for new trial and on April 25, 2024, when it denied relator's motion to dissolve writ of attachment.

Relator is correct that a Mother Hubbard clause, standing alone, is not sufficient to create a final judgment and that a judgment is final when it actually disposes of every pending claim and party. *See Patel v. Nations Renovations*, LLC, 661 S.W.3d 151, 154–55 (Tex. 2023) (per curiam). But that is not the end of the story. We must also deem a judgment without a trial to be final when "it clearly and unequivocally states that it finally disposes of all claims and parties, even if it does not actually do so." *Id.* Although "no magic language is required," when the trial court "describ[es] its action as (1) final, (2) a disposition of all claims and parties, and (3) appealable," there is a "clear indication of finality." *Id.* at 155. If the judgment, on its face, "clearly and unequivocally states that it finally disposes of all claims and parties, the assessment is resolved in favor of finding finality, and the reviewing court cannot review the record." *Id.* at 154.

Here, the June 1, 2023 judgment stated that it "is intended to be **FINAL** for purposes of appeal. The Judgment disposes of all parties to this action and all claims. All relief requested by any party to this action not expressly granted herein is

–2–

**DENIED**." Because the judgment described the trial court's action as "(1) final, (2) a disposition of all claims and parties, and (3) appealable," we must deem this a final judgment. *See Patel*, 661 S.W.3d at 154–55.

After signing a final judgment, a trial court retains plenary power only for the next thirty days unless the judgment is modified, corrected, or reformed during that thirty-day period or a party timely files a motion that extends the trial court's plenary power, such as a motion for new trial. *See* TEX. R. CIV. P. 329b. Based on the record before us, neither of these plenary-power-extending events occurred. Therefore, we conclude that the trial court lost plenary power thirty days after the June 1, 2023 final judgment, making the December 18, 2023 order granting a new trial and the April 25, 2024 order denying relator's amended motion to dissolve writ of attachment void. *See In re Dansby*, 583 S.W.3d 838, 840 (Tex. App.—Dallas 2019, orig. proceeding) ("Judicial action taken after the trial court's plenary power expires is void.").

Consequently, the trial court lacks plenary power to provide relator the relief it seeks, and this mandamus proceeding is moot. *See Elec. Reliability Council of Tex., Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021) (orig. proceeding) (discussing mootness doctrine). We lack jurisdiction over a moot proceeding. *See id.*

Accordingly, we dismiss relator's petition for writ of mandamus.

/Craig Smith/
CRAIG SMITH
JUSTICE

240893F.P05